NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEQI LI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-198

Agency No.
A099-333-730

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 27, 2024**
San Francisco, California

Before: WALLACH,** NGUYEN, and BUMATAY, Circuit Judges.

Deqi Li, a citizen of the People's Republic of China, petitions for review of

a decision by the Board of Immigration Appeals ("BIA") affirming the denial by

an immigration judge ("IJ") of his applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Evan J. Wallach, United States Senior Circuit Judge
for the Federal Circuit, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT").[1] As the parties are familiar with the facts, we do not recount them here. Li timely seeks our review. We have appellate jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. We review an adverse credibility determination for substantial evidence. *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004). Under this standard, we will uphold the BIA's adverse credibility determination unless the petitioner's evidence was "so compelling that no reasonable factfinder could find that he was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (internal quotation omitted). "When the BIA has reviewed the IJ's decision and incorporated parts of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (citing *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)). We find that substantial evidence supports the BIA's adverse credibility determination.[2]

---

[1] The BIA determined that Li waived his CAT claim by failing to challenge the IJ's denial of CAT relief before the BIA. Li's petition for review in this court does not challenge that determination.

[2] In dismissing Li's appeal, the BIA did not rely on the IJ's findings concerning Li's demeanor or non-responsiveness. In determining that the IJ's adverse credibility determination was not clearly erroneous, the BIA relied only on inconsistencies that appeared in the record through transcript testimony and Li's declaration. We limit our review to those reasons relied upon by the BIA. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) ("[W]e do not review those parts of

2

An adverse credibility determination must be supported by "specific and cogent reasons." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). When an adverse credibility determination is based on inconsistencies, those inconsistencies need not go to the heart of the claim, though "trivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis for an adverse credibility determination." *Id.* at 1044.

The BIA highlighted two inconsistencies between Li's written declaration and his live testimony that the IJ relied on in making the adverse credibility determination. The first inconsistency concerns the number of times and in which years family planning officials threatened to sterilize Li. The second inconsistency concerns the level of harm Li suffered during the second incident in 2003. Li was provided an opportunity to explain these inconsistencies, and the IJ found those explanations inadequate. And while Li argues that these inconsistencies are "trivial," "under the Real ID Act, even minor consistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) (citation omitted).[3] The BIA found that the IJ did not commit clear error in determining that

the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention.").

[3] Li's arguments that these inconsistencies may be attributable to memory loss or mistranslations were not developed before the agency, and we therefore may not consider them now. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir.

3

these inconsistencies weighed heavily against Li's credibility, and the record does not compel us to reach a contrary conclusion.

2.      The documentary evidence submitted by Li does not independently establish his eligibility for asylum or withholding of removal.  The IJ observed that although Li submitted a certificate of a ligation operation performed on his wife, that certificate did not indicate whether the procedure was forced or voluntary, and there was no other evidence that his wife was ever subject to a "forced abortion as opposed to a voluntary one."  Without such evidence, Li would not be entitled to per se refugee status, even assuming *Matter of J-S-*, 24 I&N Dec. 520 (A.G. 2008), did not apply retroactively to his petition.

Absent Li's discredited testimony or any supporting documentation, the BIA's decision to affirm the IJ's denial of asylum and withholding of removal is supported by substantial evidence.

**PETITION DENIED.**

---

2003) ("Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ.").

4